Stewart, J.,
 

 dissenting. Though I concur in para.-graph two of the syllabus, I dissent from subdivision (a) of paragraph one of the syllabus and from the . judgment.
 

 It is true that defendant believed in good faith that ■she had been the wife of and was the widow of dece- ■ dent, but, nevertheless, she was never legally married to him for the reason that plaintiff, who was the mother ■ of his three children, was his legally wedded wife. As .a result, plaintiff was unquestionably entitled to at least a widow’s allowance and, under the statutes of -descent and distribution, one-third of decedent’s estate.
 

 Defendant received all decedent’s net estate, including the portion to which plaintiff was entitled, because -of defendant’s representation to the Probate Court that she had been decedent’s wife and was his widow. 'That representation was untrue and though innocently made, in my opinion it was more than a mere mistake. Upon the ground of public policy, defendant’s -representation should be held to constitute constructive fraud and, therefore, Section 10506-40 (d), Gener■al Code (114 Ohio Laws, 372), as it was applicable to this case, would have applied and the four-year statute of limitation, Section 11224, General Code, would not have started to run against the plaintiff until her discovery of the constructive fraud appearing in this ¡case.
 

 
 *62
 
 I am of the opinion that when a decedent’s genuine widow has been deprived of her rights in his estate as a result of representations by another woman who was never legally married to decedent, even though this latter woman may be entirely innocent of an intent to defraud, a constructive fraud has been practiced upon the Probate Court.